THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-02356-WJM-KLM

MASTEC POWER CORPORATION,

    Plaintiff,

v.

GATEWAY COGENERATION I, LLC, and
POWER ENGINEERS, INCORPORATED,

    Defendants.

**PLAINTIFF'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS**

Pursuant to D.C.COLO.LCivR 7.2, Plaintiff MasTec Power Corporation ("MPC") moves for entry of an order directing the Clerk of Court to: (1) maintain under a Level 1 restriction unredacted versions of MPC's Complaint and Jury Demand (ECF No. 1); Motion for Preliminary Injunction; Affidavit of Michael DonMoyer in Support of Motion for Preliminary Injunction, including Exhibits A–N attached thereto; and Affidavit of Aaron Frahm in Support of Motion for Preliminary Injunction (collectively ECF No. 9); and (2) provide public access to the proposed redacted versions of these documents, attached hereto as **Exhibits A–D**.

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.1A**

MPC states that it conferred with counsel for Defendants Gateway Cogeneration I, LLC ("Gateway") and Power Engineers, Incorporated ("PEI") (collectively, "Defendants") regarding the subject matter of this motion and is authorized to state that Defendants do not oppose the relief requested herein. MPC initially filed the relevant pleadings with a Level 2 restriction, and

since that time, Gateway and PEI have each agreed to the disclosure of any confidential information that may be contained in the MPC Filings, as defined herein, to the other party.

## BACKGROUND

On August 7, 2020, MPC filed its Complaint and Jury Demand ("Complaint"). (ECF No. 1.) On August 13, 2020, MPC filed its Motion for Preliminary Injunction ("Motion for Preliminary Injunction"), an Affidavit of Michael DonMoyer in Support of Motion for Preliminary Injunction, including Exhibits A–N attached thereto ("DonMoyer Affidavit"), and an Affidavit of Aaron Frahm in Support of Motion for Preliminary Injunction ("Frahm Affidavit") (collectively, the "MPC Filings"). (ECF No. 9.) The MPC Filings were filed under Level 2 restriction.

MPC is a party to agreements containing confidentiality terms with both Gateway and PEI. These agreements contain extensive provisions prohibiting the disclosure of confidential information, as defined by these agreements, and the terms of the agreements themselves, to any third parties. The confidentiality agreements are attached to and quoted throughout the MPC Filings.[1] MPC seeks to restrict the MPC Filings to comply with its obligations under its confidentiality agreement with Gateway. MPC may seek to restrict further filings if such filings contain confidential trade secret and proprietary information of MPC.

## LEGAL STANDARD

"'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149

---

[1] Gateway may consider other information referenced in the MPC Filings as non-public information which constitutes its confidential information.

(10th Cir. 2007)).  Courts may exercise discretion and restrict a public's right to access judicial records if that "right of access is outweighed by competing interests." *Id.* (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).  In exercising that discretion, the court "weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id. (*quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).  To overcome the presumption against restricting public access, the party seeking to restrict access "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Helm*, 656 F.3d at 1292.  A sufficient showing to overcome the presumption may be found where the records contain trade secrets, *Pine Tel. Co., Inc. v. Alcatel Lucent USA Inc.*, 617 Fed. Appx. 846, 852 (10th Cir. 2015); or contain "business information that might harm a litigant's competitive standing," *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

      The analysis must also be guided by D.C.COLO.LCivR 7.2, which governs public access to documents and proceedings.  Under this rule, a motion to restrict public access must:

(1) Identify the document or the proceeding for which restriction is sought;
(2) Address the interest to be protected and why such interest outweighs the presumption of public access . . . ;
(3) Identify a clearly defined and serious injury that would result if access is not restricted;
(4) Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question . . . ; and
(5) Identify the restriction level sought . . . .

*See* D.COLO.LCivR 7.2(c).

## ARGUMENT

I.   **MPC Seeks to Restrict Public Access to the MPC Filings.**

MPC requests this Court (1) maintain under a Level 1 restriction unredacted versions of the MPC Filings and (2) provide public access to the proposed redacted versions of these documents, attached hereto as **Exhibits A–D**.

II.  **The Parties' Expectations of Privacy Will Be Protected by Restricting Public Access to the MPC Filings.**

This District and others have routinely allowed parties to file documents containing confidential information under seal to protect the parties' competitive and privacy interests.  *See, e.g.*, *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385, 2011 U.S. Dist. LEXIS 41527, at *9 (D. Colo. April 12, 2011) (granting unopposed motion to restrict access to "business materials containing information that may be confidential."); *see Suture Express, Inc. v. Owens & Minor Distribution, Inc.*, 851 F.3d 1029, 1047 (10th Cir. 2017) (restricting access to "financial information, and contracts" that were confidential in nature).

In addition to requiring the parties to maintain the confidentiality of the proprietary information they exchange with one another, the confidentiality agreements require MPC and Defendants to maintain the confidentiality of the terms and obligations of the agreements themselves.  The MPC Filings contain confidential information exchanged by the parties, including references to MPC's trade secrets and proprietary information, and quote the specific terms of the confidentiality agreements.  Moreover, the confidentiality agreements are included in the exhibits of the DonMoyer Affidavit.  The confidential information and terms of these agreements are germane to MPC's claims and damages.  For example, references to the confidential information support MPC's claims for misappropriation of trade secrets under

Colorado and federal law. Nevertheless, MPC and Defendants maintain their rights to protect such confidential information from public disclosure. The interests of MPC and Defendants in maintaining the contractually required confidentiality of these agreements outweighs the public's right of access. To preserve the expectation of privacy of the parties, MPC requests that the Court restrict public access to the MPC Filings.

### III. MPC and Defendants Will Suffer Harm to their Competitive Standing and Injury to their Privacy Interests in the Absence of Restricted Public Access.

The parties have a reasonable expectation of privacy to their confidential information pursuant to the terms of their confidentiality agreements. Allowing unfettered public access to and dissemination of such confidential information would likely seriously injure MPC and Defendants. Specifically, the parties would likely suffer competitive and commercial injury if the sensitive and proprietary information in the confidentiality agreements were publicly disclosed. *See Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) ("[A] party may overcome the presumption in favor of public access to judicial records by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon*, 435 U.S. 589 at 598)). The information is of no interest to the general public; its only use would be to gain a competitive advantage over MPC and Defendants.

### IV. The Redacted Versions of the MPC Filings Allow for Public Access While Protecting the Parties' Interests.

MPC requests this Court (1) maintain under a Level 1 restriction unredacted versions of the MPC Filings and (2) provide public access to the proposed redacted versions of these documents. The proposed redactions will be limited only to quotations of the parties'

confidentiality agreements, references to each parties' obligations under these agreements, and project-specific information, such as the location and type of project to be constructed. The redactions and restrictions proposed are the least restrictive means necessary to adhere to the terms of the parties' confidentiality agreements and maintain the parties' privacy interest.

**V.     MPC Seeks Level 1 Restriction and Public Access to the Redacted Versions of the MPC Filings.**

MPC requests this Court (1) maintain under a Level 1 restriction unredacted versions of the MPC Filings and (2) provide public access to the proposed redacted versions of these documents, attached hereto as **Exhibits A–D**.

## CONCLUSION

WHEREFORE, Plaintiff MasTec Power Corporation respectfully requests this Court enter an Order directing the Clerk of Court to (1) maintain under Level 1 restriction MPC's Complaint and Jury Demand (ECF No. 1); Motion for Preliminary Injunction; Affidavit of Michael DonMoyer in Support of Motion for Preliminary Injunction, including Exhibits A–N attached thereto; and Affidavit of Aaron Frahm in Support of Motion for Preliminary Injunction (collectively ECF No. 9); and (2) provide public access to the proposed redacted versions of these documents, attached hereto as **Exhibits A–D**.

Dated: August 21, 2020

s/ *Jared B. Briant*
Jared B. Briant
Rachel L. Burkhart
Faegre Drinker Biddle & Reath LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Phone: (303) 607-3500
Fax: (303) 607-3600
jared.briant@faegredrinker.com
rachel.burkhart@faegredrinker.com

*Counsel for Plaintiff MasTec Power Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of August, 2020, a true and correct copy of the foregoing **PLAINTIFF'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS** with the Clerk of Court using the CM/ECF system, and redacted copies of the same are being provided to all parties in this case, as counsel for the parties have not entered an appearance or registered for CM/ECF.

>Alexander M. Hunter III
>Kendra A. Snyder
>Hall Estill
>1600 Stout Street, Suite 1100
>Denver, CO 80202
>khunter@hallestill.com
>ksnyder@hallestill.com
>*Counsel for Gateway Cogeneration I, LLC*

and sent a true and correct copy of the foregoing via email to the following counsel who has not yet entered an appearance via CM/ECF in this case:

>Thomas B. Quinn
>Gordon Rees Scully Mansukhani
>555 Seventeenth Street, Suite 3400
>Denver, CO 80202
>tquinn@grsm.com
>*Counsel for Power Engineers, Incorporated*

>*s/ Tari Rader*
>Tari Rader, Legal Administrative Assistant